IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>ADA EVILA SERRANO NUNEZ | Criminal Action No.<br>1:26-CR-407 |

**Government's Motion for Detention**

The United States of America, by counsel, Theodore S. Hertzberg, United States Attorney, and Garrett L. Bradford, Assistant United States Attorney for the Northern District of Georgia, moves for detention under 18 U.S.C. §§ 3142(e) and (f).

**1. Eligibility of Case**

This case is eligible for a detention order because this case involves:

A serious risk that the defendant will flee.

A serious risk that the defendant will obstruct or attempt to obstruct justice.

**2. Reason for Detention**

The Court should detain defendant because there are no conditions of release that will reasonably assure the appearance of the person as required.

**3. Rebuttable Presumption**

The United States will not invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of

the defendant as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3).

The United States will not invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2).

**4. Time for Detention Hearing**

The United States requests the Court conduct the detention hearing at initial appearance.

**5. Basis for Request**

The defendant is a serious risk of flight and no conditions of bond will reasonably assure her appearance as required because, among other factors:

- Defendant has no stable place to reside on bond and no family or community ties or other anchors in the United States:
  - Defendant has no residence in the district or in the United States.
  - Defendant has no employment in the district or in the United States.
  - Defendant's only family in the United States – her two adult sons – have been arrested also.
- Defendant has access to multiple passports and travel documents – both personal and official government classifications.
- Defendant, through her former position as head of the local Consulate, regularly created and issued official identification and travel documents, including passports. She therefore has experience with and ready access to equipment and other supplies for manufacturing new identification

documents and passports in her own name or a new identity that could enable her to travel or otherwise flee.

- Based on her high-level connections with the government of Honduras, if she were to escape back to Honduras, that government would be unlikely to extradite her back to the United States.
- Based on the current indictment, Defendant is facing a statutory maximum of 40 years in prison and, based on the government's current estimates, will have a U.S. Sentencing Guidelines range of 292-365 months before credit for acceptance of responsibility. Such a significant sentence increases the likelihood that she will flee.
- Defendant has access to substantial financial resources that could be used to enable flight – the government estimates that Defendant collected at least $375,000 in cash proceeds over the course of her scheme.
- The weight of the evidence against Defendant is strong. The investigation includes financial records, cooperating witnesses, text messages, and many covert recordings of Defendant and her coconspirators directly discussing the scheme and efforts to avoid detection. Recorded conversations show that Defendant tightly controlled the scheme and personally directed how cash would be collected and handled.
- The investigation showed that Defendant was cognizant of law enforcement techniques and purposefully took steps to try to obstruct them, (*see* Indictment at 6), indicating a predisposition to attempt to obstruct justice if released.

For all of the above reasons, the government submits that no conditions of bond will assure Defendant's appearance as required and prevent attempts to obstruct justice, and respectfully requests that she be detained.

The United States requests leave of Court to supplement this motion with additional grounds or presumptions for detention.

Dated: November 16, 2026.

Respectfully submitted,

THEODORE S. HERTZBERG
United States Attorney

GARRETT L. BRADFORD
Assistant U.S. Attorney
Ga. Bar No. 074374

Richard Russell Federal Building
75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000
Fax: (404) 581-6181
(404) 581-6042

## Certificate of Service

I served this document today by handing a copy to defense counsel.

November 16, 2026

/s/GARRETT L. BRADFORD

GARRETT L. BRADFORD
Assistant U.S. Attorney